UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HENRY PARRA-REVILLA,

      Plaintiff,

    v.

FIELD OFFICE DIRECTOR
GARRETT J. RIPA, ACTING
DIRECTOR TODD M. LYONS,
DEPT OF HOMELAND
SECURITY,  WARDEN GLADES
COUNTY DETENTION CENTER,

      Defendants.

Case No. 2:26-cv-1497-KCD-NPM

## **ORDER**

Petitioner Henry Parra-Revilla is a Venezuelan citizen currently detained by U.S. Immigration and Customs Enforcement ("ICE"). He asks this Court to release him, arguing that his detention without a bond hearing violates the Immigration and Nationality Act and the Fifth Amendment. (Docs. 2.)[1] As for relief, he seeks immediate release from custody or, alternatively, a bond hearing under 8 U.S.C. § 1226(a). (*Id.* at 11.)

The Government has responded, arguing that the case is now moot because Petitioner has been granted a bond hearing. (Doc. 8 at 1-2.) While that would normally end the matter, *see Alfonso v. Warden, Fla. Soft Side S.*

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

*Det. Ctr.*, No. 2:26-CV-1383-KCD-NPM, 2026 WL 1390994, at \*1 (M.D. Fla. May 19, 2026), Petitioner disputes that the bond hearing will take place. He claims that the immigration judge recently entered an order denying jurisdiction to entertain his bond request (Doc. 9.) Because it appears this dispute remains ripe, the Court will address the merits.

The Government concedes that Petitioner is entitled to a bond hearing under *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026), which held that "aliens unlawfully in the interior" are entitled to seek release from immigration custody through 8 U.S.C. § 1226. *Id.* at \*19. (Doc. 8 at 2-3.) The Court agrees, and thus will order the bond hearing.

As mentioned, Petitioner also demands his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Petitioner is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Petitioner with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Petitioner also seeks relief under the Fifth Amendment, or any other theory, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Petitioner with a bond hearing as ordered or he remains in custody, he can renew any other claims in a subsequent suit.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 2) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on May 27, 2026.

Kyle C. Dudek
United States District Judge

3